UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD K. NIEMI et al.,

    Plaintiffs,

v.	Case No. 06-CV-10832-DT

NHK SPRING CO., LTD. et al.,

    Defendants.
                                    /

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

Plaintiffs Richard K. Niemi, d/b/a Richard K. Niemi Design and Engineering Services, and RKN Technology, LLC initiated this action on February 24, 2006, asserting copyright infringement against Defendants NHK Spring Co., LTD ("NHK") and New Mather Metals, Inc. ("NMM"). In a related case between substantially identical parties and asserting substantially similar allegations, the Honorable John Feikens of this bench found that the court lacked personal jurisdiction over NHK and therefore transferred the case to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a). (*See Richard K. Niemi v. NHK Spring Co., Ltd*, No. 02-70782, 8/08/03 Order.) In light of Judge Feikens's order, on March 10, 2006, the court ordered Plaintiffs to show cause why this action should not be transferred to the United States District Court for the Northern District of Ohio for the reasons given by Judge Feikens. Plaintiffs responded on March 24, 2006, and Defendant NMM filed a court-ordered reply on April 14, 2006. The court conducted a hearing on the matter on

April 27, 2006.  For the reasons stated on the record and within the body of this opinion, the court will transfer this action to Ohio.

## I.  BACKGROUND

### A.  The 2002 action

Plaintiffs originally brought an action against Defendants on February 28, 2002. (*See* 02-70782, the "2002 action".)[1]  Plaintiffs brought the 2002 action under 28 U.S.C. § 1332, asserting subject matter jurisdiction through diversity of citizenship.  (02-70782, Compl. at ¶ 6.) The complaint asserts that in November of 1990 Plaintiff Richard Niemi "completed development of a new process for the development, design and manufacturer [sic] of stabilizer bars, which are used in the manufacturer [sic] of automobiles."  (*Id.* at ¶ 7.)  Plaintiffs asserted that the secrecy of the  "new process" was at all times maintained, and that the process constituted a trade secret.  (*Id.* at ¶¶ 7 & 10.)

According to the complaint, at some point in or around 1991 Plaintiff Niemi and his company, Plaintiff RKN Technology, entered into a business arrangement whereby Defendant New Mather Metals utilized Plaintiff's process to manufacture stabilizer bars. (*Id.* at ¶¶ 10-12.)  Plaintiffs contended that Defendant had agreed to maintain the secrecy of the process and would not disclose or license the process without Plaintiff's express written permission.  (*Id.* at ¶ 10.)  Plaintiffs stated that they allowed NMM to utilize their secret process in exchange for NMM maintaining the secrecy of the process

---

[1]The 2002 action consisted of identical parties except that the 2002 action initially included an additional defendant, who is not present in the instant action: NHK International LTD.  NHK International LTD, however, was dismissed from the 2002 action by agreement on April 17, 2002.  (*See* 02-70782, Dkt. # 6.)

and for awarding Plaintiffs the exclusive right to perform all design work for NMM.[2]  (*Id.* at ¶ 14.)

The parties' relationship apparently proceeded peacefully until March 9, 1998, when according to Plaintiffs, Richard Niemi discovered that certain tools at a manufacturing facility in Toledo, Ohio, were designed by another entity, in violation of the parties' agreement.  (*Id.* at ¶ 16.)  Plaintiffs further alleged that this alleged breach was committed by Defendant NMM at the direction of its parent and sister corporations, Defendants NHK and NHK International Ltd.  (*Id.* at ¶¶ 18-19.)

Almost four years later, on February 28, 2002, Plaintiffs filed their two count complaint against Defendants, asserting a cause of action for unlawful misappropriation of trade secret and breach of contract.  (*Id.* at ¶¶ 21-24.)  Defendant NHK promptly moved for a dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  (8/22/02 Mot.)  The parties conducted discovery related to, at least, the issue of jurisdiction.  (02-70782, Pls.' 2nd Supp. Br. at 1.)  After reviewing the parties' multiple briefs relating to the jurisdictional issue and conducting a hearing on the matter, Judge Feikens found that the court lacked jurisdiction over NHK.  (02-70782, 8/08/03 Order at 9-10.)  Rather than dismiss the action, however, Judge Feikens found that it would be in the best interest of justice to transfer the action to the United States District Court for the Northern District of Ohio.  (*Id.* at 10-11.)   The action was transferred accordingly.

---

[2]Plaintiffs' complaint alleges more details with respect to the business arrangement and the involvement of New Mather Metals's parent company, Defendant NHK Spring Co., Ltd.  The above facts are provided as a general background of the facts underlying the 2002 action.

After the transfer of the action, Plaintiffs amended their complaint to add a claim of promissory estoppel.  (*See* N.D. Ohio, 03-07512, 11/01/05 Order at 2, Def.'s Ex. E.)  Thereafter, the Ohio court granted summary judgment to Defendants as to their trade secret claim, leaving only the breach of contract and promissory estoppel claims.  (*Id.* at 2.)  Plaintiffs moved to amend their complaint again, apparently to add the copyright claim at issue in the instant action.  (*Id.*)  The court denied the motion, however, citing undue delay, prejudice, and a likelihood of futility.  (*Id.* at 2-3.)  The court held that

> Denial of the motion for leave to amend a second time does not foreclose the plaintiff's ability to assert his rights in his lately registered copyright in his drawings.  He can still file sit for copyright infringement.
>
> Normally a second suit between the same parties is to be avoided.  Here, though, it seems simpler, tidier, and more orderly to keep the copyright issues out of this litigation than to let them in.

(*Id.* at 3.)

Further, on April 12, 2006, the court dismissed NHK from the action for lack of personal jurisdiction.  (*See* N.D. Ohio, 03-07512, 4/12/06 Order at 2, Def.'s Ex. B.)  The court held that the law of the case doctrine dictated the conclusion that NMM was not an alter ego of NHK.  (*Id.* at 2.)  The court then found that NHK had insufficient contacts with the state of Ohio to justify the exercise of personal jurisdiction over the breach of contract and promissory estoppel claims.  (*Id.* at 5.)

### B.  The current action

The instant action was initiated on February 24, 2006.  Plaintiffs base the current action on the same underlying facts as the 2002 action, except that Plaintiffs now allege that the documents that Defendants allegedly disclosed to third parties (documents which in the 2002 action Plaintiffs alleged contained trade secrets) were also protected

4

by copyright laws. (Compl. at ¶¶ 6-15.) Plaintiffs' complaint therefore alleges violations of federal copyright law, based on the unlawful disclosures. (*Id.* at ¶¶ 17-19.) As in the 2002 action, Plaintiffs allege that the relevant misconduct by Defendants began on or around March 9, 1998. (*Id.* at ¶¶ 12-15.)

Because Plaintiffs' allegations in the current complaint are substantially identical to the allegations in the 2002 action, the court ordered Plaintiffs to show cause why this case should not be transferred to the United States District Court for the Northern District of Ohio for the reasons given by Judge Feikens in his August 8, 2003 order. Both sides have presented briefs on the issue, and the court conducted a hearing on April 27, 2006. The matter is now ripe for review.

## II.  STANDARD

If a district court lacks jurisdiction over the defendants, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2). "The burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993). If the district court does not conduct an evidentiary hearing on the matter of personal jurisdiction, the plaintiff must make only a prima facie showing of jurisdiction. *See Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998). In such a case, the plaintiff must "'demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.'" *Welsh v. Gibbs,* 631 F.2d 436, 438 (6th Cir. 1980) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir. 1977)). Further, a court does not weigh the controverting assertions of the party seeking dismissal. *Dean,* 134 F.3d at 1272 (quoting *CompuServe, Inc.,* 89 F.3d at 1262).

Transfer of proper venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This provision is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "A district court 'has broad discretion to grant or deny a motion to transfer [a] case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986)).

To transfer an action under § 1404(a) the following three requirements must be met: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994). Factors to consider in determining whether to transfer venue include:

(1) the convenience of witnesses;
(2) the location of relevant documents and relative ease of access to sources of proof;
(3) the convenience of the parties;
(4) the locus of the operative facts;
(5) the availability of process to compel the attendance of unwilling witnesses;
(6) the relative means of the parties;
(7) the forum's familiarity with the governing law;
(8) the weight accorded the plaintiff's choice of forum; and

> (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).  Additionally, the party seeking transfer of venue usually has the burden to establish that the new forum is more convenient.  *Viron Inter. Corp. v. David Boland Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002).  The court also recognizes that, under the broad language of the venue statutes, "it is quite possible for venue to exist in more than one forum."  *Audi AG & Volkswagen of Amer.*, 204 F. Supp. 2d 1014, 1022 (E.D. Mich. 2002).

Additionally, under 28 U.S.C. § 1406(a), a district court with a case "laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" 28 U.S.C. § 1406(a).  Unlike a transfer of venue under 28 U.S.C. § 1404(a), transfer under 28 U.S.C. § 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case.  *See Pittock v. Otis Elevator Co.* 8 F.3d 325, 329 (6th Cir. 1993) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463 (1962)).  Indeed, § 1406(a) "allows a district court to grant a change of venue when venue was improper in the original forum.  Specifically, section 1406(a) provides that a district court with a case 'laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Id.* (citing 28 U.S.C. § 1406(a)).

The decision of whether to dismiss or transfer an action pursuant to 28 U.S.C. § 1406(a) is within the district court's sound discretion.  *First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 262 (6th Cir. 1998).

### III.  DISCUSSION

Having reviewed the relevant pleadings and heard argument from both parties, the court finds that a transfer of venue is appropriate.  The facts out of which this action arises are virtually identical to the underlying facts in the 2002 action.  As such, the court finds transfer appropriate under principles of judicial economy and efficiency.

First, in response to the court's order to show cause, Plaintiffs have presented the same arguments which were presented to Judge Feikens in arguing that personal jurisdiction in Michigan was proper over NHK.  Indeed, Plaintiffs rely on the depositions which were conducted in the 2002 action to argue that jurisdiction over NHK is proper because of (1) NMM's contacts with Michigan and (2) NHK's substantial contacts with its subsidiaries NMM and NHK International.  (NHK's Br. at 3-4.)  Judge Feikens has already considered this evidence and rejected it.  (*See* 02-70782, 8/08/03 Order at 9-10.)

This court agrees with Judge Feikens's reasoning and, for the reasons given in Judge Feikens's August 8, 2003 order, the court finds that personal jurisdiction over NHK in Michigan is improper.[3]  Simply put, there are insufficient contacts with Michigan to justify the exercise of personal jurisdiction, even under the "effects test" of *Calder v.*

---

[3]The court is not persuaded that Plaintiffs have presented evidence of NHK's "activities in the State of Michigan apart from the actions of its wholly owned subsidiary New Mather Metals."  (Pl.'s Resp. at 5.)  Plaintiffs point to a September 2000 Annual Report published by NHK which states that NHK had opened an "R&D Center in Detroit."  (*Id.*)  Plaintiffs cite the deposition testimony of NMM's Project Engineer Raul Cornieles to support this alleged fact, however, Mr. Cornelius's testimony suggests that this R&D center was actually opened by NHK's subsidiary, NHK International.  (Cornelius Dep. At 263-264, Def.'s Ex. B.)

*Jones*, 465 U.S. 783 (1984). Plaintiffs rely primarily on the activities of NMM, rather than NHK.[4] To that end, Plaintiffs have failed to show that NHK has purposefully availed itself of the privilege of doing business in Michigan. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958). ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."). Based on the evidence presented to the court, Defendant NHK could not "reasonably anticipate being haled into court" in Michigan. *Burger King Corp. v. Rudzewicz*, 471 U.S. 474 (1985).

Moreover, even if personal jurisdiction over NHK in Michigan were proper, the court would nonetheless transfer the case under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses [and] in the interest of justice." Plaintiffs' current complaint asserts essentially the same allegations as those asserted in the previously transferred action, and principles of judicial economy favor a transfer. While the Ohio court denied a motion to amend to bring Plaintiffs' current claim in the 2002 action, this does not preclude a transfer for convenience and for the interest of justice. Although the Ohio court found it inappropriate to allow an additional claim in the original action

---

[4]During the April 28, 2006 hearing, the court afforded Plaintiffs a further opportunity to present evidence or argument related to NHK's actions directed at the state of Michigan. Plaintiffs again relied on the actions of NHK's subsidiaries. The only additional argument which Plaintiffs made was the fact that NHK was apparently licensed to do business in Michigan up until 1996. As the court pointed out at the hearing, however, Plaintiffs assert that they did not learn of Defendants alleged infringement until 1998. (Compl. at ¶ 15.) While Plaintiffs' counsel argued that the infringement began earlier than 1998, there has been no evidence presented to the court to that effect.

and thereby complicate and further delay the original action, this does not mean that the interest of justice will not be served by, at least, having the same court hear both cases. This is especially true where this action certainly could--and should--have been brought when the 2002 action was originally filed or, at the latest, when Plaintiffs sought to amend their complaint the first time. Indeed, the Sixth Circuit generally disfavors claim-splitting, which has become the end effect of Plaintiffs' behavior. *See Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d 747, 758 (6th Cir. 2003) (citing Restatement (Second) of Judgments § 26 (1982) (precluding claim-splitting "unless 'the parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein'").

Defendant New Mather Metals, Inc., argues that the court cannot transfer the action pursuant to 28 U.S.C. § 1406(a), because personal jurisdiction over NHK does not exist in Ohio.[5] (*See* 4/14/06 Reply at 6.)[6] The court is not persuaded, however, that this issue has yet been decided. While the Ohio court held that it did not have personal jurisdiction over NHK in the 2002 action, the court has not yet undertaken a definitive review of the matter in this case with respect to this cause of action. Having reviewed

---

[5]NMM nonetheless argues that a transfer is appropriate under 28 U.S.C. § 1404, and requests an opportunity to brief the issue. (Def.'s Reply at 5-6.) The court need not afford such an opportunity inasmuch as it will transfer the case pursuant to 28 U.S.C. § 1406.

[6]NMM also argues that transfer under 28 U.S.C. § 1406 is inappropriate because NHK has not yet been served and "therefore, improper personal jurisdiction and venue are not yet at issue in this case." (Def.'s Reply at 6.) First, personal jurisdiction and venue became "at issue," if they were not already, the moment the court issued its "Order to Show Cause." Second, NMM has not offered any authority for the proposition that a case cannot be transferred prior to service of all of the defendants.

the Ohio court's April 12, 2006 opinion, this court notes that much of the Ohio court's opinion relied on Judge Feikens's findings and, additionally, the lack of additional evidence presented by Plaintiffs. It is not clear to the court that, upon transfer and an opportunity to more fully litigate the issue, Plaintiffs will not be able to establish that jurisdiction over NHK is proper in Ohio with respect to Plaintiffs' copyright claim.[7] What is clear to the court is that jurisdiction does not exist in Michigan and Plaintiffs have presented, at least, a colorable argument that it would exist in Ohio.

Neither party disputes that the action could have been brought in Ohio against, at least, NMM. Indeed, when questioned during the April 28, 2006 hearing, Plaintiffs' counsel stated that it is Plaintiffs' opinion that this action could have been brought in Ohio. Similarly, NMM's attorney asserted that if jurisdiction over NHK existed anywhere, it would be in Ohio. Further, while further discovery may be necessary once this case is in the appropriate venue, at this point in the litigation Plaintiffs' have alleged facts which establish at least a *prima facie* case of personal jurisdiction in Ohio over NHK. *See Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998). Indeed, Plaintiffs allege that they entered into a contract in Ohio with both NMM and NHK which allowed Defendants to utilize the copyrighted drawings. (Pls.' Resp. at 1.)[8]

---

[7]The court notes that venue is proper in copyright actions in districts where the defendant "resides or may be found." 28 U.S.C. § 1400. "The general rule of construction of § 1400(a) is that a defendant or his agent 'may be found' in any district in which he is amenable to personal jurisdiction or wherever he may validly be served with process." *Brink v. Ecologic, Inc.,* 987 F.Supp. 958, 965 (E.D. Mich. 1997) (citing *Mihalek Corp. v. Michigan,* 595 F.Supp. 903, 906 (E.D.Mich. 1984)).

[8]Plaintiffs clarified during the April 28, 2006 hearing that this contract was a verbal agreement.

11

Plaintiffs' counsel also asserted during the April 28, 2006 hearing that NHK's representatives met with Plaintiff various times in Ohio.  It is out of this business relationship which this cause of action arose.

The court thus finds that this action "could have been brought" in the United States District Court for the Northern District of Ohio and it is in the interest of justice to transfer it accordingly.  28 U.S.C. § 1406(a).

### IV.  CONCLUSION

IT IS ORDERED that this action is TRANSFERRED to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a).

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  April 28, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\06-10832.NIEMI.TransferVenue.2.wpd